THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. EPIFANIO ANZA AGUIRRE, Defendant and Appellant.

No. 10317.   Argued February 4, 1944.—Decided February 17, 1944.

José L. Márquez, Jr., for appellant.   R. A. Gómez, Prosecuting Attorney (Fiscal), for appellee.

Mr. Acting Chief Justice Travieso delivered the opinion of the court.

The appellant was charged with the offense of possessing a revolver which had not been registered and with the illegal carrying of this same weapon. He was sentenced to one month's imprisonment in jail for the first offense and to a $50 fine for the second, and feeling aggrieved by that judgment he appealed therefrom. His appeal is based on ten assignments of error of which we will only consider the seventh and eighth as they are both sufficient to justify the reversal of both judgments appealed from.

Appellant alleges that the lower court erred in finding him guilty "upon being in doubt as to the sufficiency of the evidence and as to the veracity of the witnesses"; and upon finding him guilty due to the fact that he abstained from testifying at the trial.

It appears from the transcript of the evidence before us that after all the evidence was introduced and the prosecuting attorney and the defense had finished their oral arguments, the following incident took place:

"Hon. Judge.—This court in case No. 8866, for carrying weapons, of the *People of Puerto Rico* v. *Epifanio Anza Aguirre*, and in case No. 8861 for nonregistration of weapons, tried jointly with the first, has examined in detail the evidence introduced by the parties and finds that there exists doubt as to the scope of each proof and possibly as to the veracity, but even so this court finds that said proofs are sufficient in both cases to declare the defendant guilty and so it finds him guilty in the case for carrying weapons and sentences him to one month's imprisonment in jail and in the other case for the nonregistration of weapons he also finds him guilty and sentences him to pay a $50 fine or a day in jail for every dollar left unpaid.

"Defense.—We want to hear the judgment again so that we can base a reconsideration. (The stenographer reads the judgment rendered by the court.)

"Defense.—Your Honor: We understand that in a case like this where there is doubt not only in our minds but also in your Honor's,

who so has expressed, the defendant having been convicted on evidence as to which your Honor understands there is reasonable doubt . . .

"Hon. Judge.—That there is doubt as to the computation of the evidence but not as to the guilt of the defendant; if the defendant would have testified he might have convinced the court and the court would have acquitted him, but the court believes that with the evidence that has been introduced in this case it can not acquit the defendant and therefore sustains the judgment it has rendered."

Among the elementary duties that the law imposes upon the magistrate that presides a court before which a criminal cause is being tried without the intervention of a jury, are, that of weighing the evidence offered by each party in order to determine its weight and scope, that of passing upon the credibility of the witnesses that have testified at the trial and whom he has seen and heard; that of deciding the conflicts that might arise from the contradictory testimony offered by those same witnesses; and that of giving the accused the benefit of any reasonable doubt that could arise in his mind after hearing and weighing all the evidence.

██ It is also an elementary principle that every person accused of a crime has in his favor the presumption of innocence and that said presumption accompanies him until the prosecuting attorney has proved his guilt beyond all reasonable doubt. And no less known is the rule that every person accused has the right to abstain from testifying in his own defense, and the fact that he kept silent when he could have talked, can not be considered as evidence against him.

The error imputed to the court *a quo* was committed and is in our judgment highly prejudicial to the rights of the defendant.

██ It is not a function of this Supreme Court, as an appelate court of appeals, that of examining the evidence to determine if the same is sufficient to justify a judgment. We could have that duty if the lower court had rendered a decision based on its opinion that the evidence was sufficient to justify

it. Neither are we obliged to determine to which witnesses the judge of the lower court should have given credit. If when rendering the two judgments appealed from the judge of the lower court should have limited himself to finding the defendant guilty of both offenses, we would have been under the obligation of assuming that he gave credit to the testimony of the witnesses which tended to incriminate the accused and that, upon weighing the evidence, it considered that this was sufficient to establish the guilt of the accused; and in that case, we would abstain from interfering with the decision unless, upon a detailed examination of all the evidence, it would turn out that the same was clearly insufficient to justify the conviction of the defendant.

In the case at bar we face a completely different situation. The judge of the lower court tells us that after studying in detail the evidence introduced by both parties, the court has doubt as to the sufficiency of the evidence and possibly as to its veracity. He does not tell us which are his doubts nor does he point out the witnesses as to whose veracity he has doubts. Further on he states that the doubts he has are as to the ''computation'' (computación) of the evidence, although we believe he meant to say as to the weight of the evidence.

We see thus that the lower court found itself in a mental state of uncertainty and doubt as to the weight and sufficiency of the evidence and as to the credibility of the witnesses, but nevertheless believing in the guilt of the defendant, it refused to give the latter the benefit of the doubt and sentenced him because he abstained from testifying, when by doing so he could have cleared the doubts existing in the mind of the judge. The court sentenced the defendant because it believed him guilty notwithstanding the mental state of doubt and uncertainty as to the sufficiency of the evidence and the veracity of the witnesses in which it found itself.

The judgment appealed from must be reversed and the defendant acquitted.